FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 22 2008

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
_____ DIVISION

JENNIFER CROSS                                          PLAINTIFF

VS.                    CASE NO. 4:08-CV-3007 JLH

BAD BOY, INC.; ADVANCED                                 DEFENDANTS
CHUTE SYSTEM, INC.;
FIREWORKS WORLD, INC.;
PHILLIP W. PULLEY; LENNIE FOREE;
RYLAND KIEFFER; ROBERT FOSTER;
DAVID BROGDON; AND WES HUBBARD

This case assigned to District Judge Holmes
and to Magistrate Judge Jones

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

The plaintiff, Jennifer A. Cross, comes before this Court by and through her attorney, Julie A. Howe, and for her cause of action against the defendants, Bad Boy, Inc.; Advanced Chute System, Inc.; Fireworks World, Inc.; Phillip W. Pulley; Lennie Foree; Ryland Kiefer; Robert Foster; David Brogdon; and Wes Hubbard, states:

### A.    JURISDICTION AND PARTIES

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2.    Plaintiff, Jennifer Cross, is a citizen of the United States and resides at 60 Princess Dr., Batesville, AR 72501 (870) 834-8868.

3.    Defendant, Bad Boy, Inc., is an Arkansas business located at 102 Industrial Drive, Batesville, AR 72501.

4. Defendant, Advanced Chute System, Inc., is an Arkansas business located at 102 Industrial Drive, Batesville, AR 72501.

5. Defendant, Fireworks World, Inc., is an Arkansas business located at 102 Industrial Drive, Batesville, AR 72501.

6. Defendant, Phillip W. Pulley, resides at 401 Newport Road, Batesville, AR 72501.

7. Defendant, Lennie Foree, resides at 522 McHue Road, Batesville, AR 72501.

8. Defendant, Ryland Kiefer, resides at 523 Olive Street, Conway, AR 72034.

9. Defendant, Robert Foster, resides at 100 Plantation Lane, Batesville, AR 72501.

10. Defendant, David Brogdon, resides at 3879 Batesville Blvd., Batesville, AR 72501.

11. Defendant, Wes Hubbard, resides at 102 Industrial Drive, Batesville, AR 72501.

12. Plaintiff sought employment from the defendants or was employed by the defendants at 102 Industrial Drive, Batesville, AR 72501.

13. Defendants discriminated against plaintiff in the manner indicated in paragraphs 21-49 of the Complaint on or about August 20, 2007.

14. Plaintiff filed charges against the defendants with the Equal Employment Opportunity Commission charging defendants with the acts of discrimination indicated in paragraphs 21-49 of this Complaint on or about January 30, 2008.

15. The Equal Employment Opportunity Commission issued a Notice of the Right to Sue which was received by the plaintiff on June 30, 2008, a copy of which notice is attached to this Complaint.

16. Because of plaintiff's sex, defendants terminated plaintiff's employment or constructively terminated plaintiff by maintaining such a work environment that plaintiff was forced to quit.

17. The circumstances under which the defendant discriminated against plaintiff were as follows:

18. The acts set forth in paragraph 21-49 of this Complaint may still be being committed by the defendants.

19. Plaintiff attaches to this Complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this Complaint.

**B. STATEMENT OF FACTS**

20. On August 20, 2007, plaintiff was in Little Rock, Arkansas, working on a commercial shoot for an upcoming ad campaign for the defendants.

21. After inquiring when she needed to be at the studios for work in the morning, plaintiff proceeded to her hotel room for the evening.

22. Upon reaching the elevator, defendant Ryland Kiefer stuck his hand out to stop the elevator so that plaintiff could get in.

23. While in the elevator, defendant Kiefer forcibly pressed plaintiff against the wall and kissed her, to which she objected.

24. Defendant Kiefer followed plaintiff to her hotel room and forced his way into her room, despite her objections, and refused to leave.

25. While plaintiff pleaded with defendant Kiefer to leave her hotel room and refused to submit to defendant Kiefer, defendant Lennie Foree called plaintiff and told her "not to make any ignorant decisions tonight." Defendant Phillip Pulley also called plaintiff.

26. Following defendant Foree's call to plaintiff, plaintiff became more upset and again told defendant Kiefer to leave her room, reminding him that he has a wife and kids.

27. Defendant Kiefer told plaintiff not to worry about her job, stating, "Don't worry. I have pull."

28. Plaintiff became more upset, telling defendant Kiefer to leave repeatedly and raising her voice. Eventually, defendant Kiefer left plaintiff's room.

29. The next morning, plaintiff fulfilled her job duties on the commercial set in Little Rock with defendants Foree and Kiefer present, after which she returned to Batesville.

30. On or about August 22, 2007, plaintiff and her boyfriend met with defendant Pulley, the owner of defendant businesses, and plaintiff told him of the hotel incident.

31. Plaintiff asked defendant Pulley for a letter of reference and it wasn't until after plaintiff received the letter than Pulley admitted that he asked defendant Foree to call plaintiff to make sure nothing was going on.

32. Plaintiff told defendant Pulley she felt "set up" that defendant Foree had called her and that defendant Kiefer mentioned that "he had pull" with regards to plaintiff's job.

33. Defendant Kiefer called plaintiff after defendant Pulley spoke with him and told plaintiff that he "blacks out when he drinks" and that he "has more to loose since he has a wife and kids."

34. When plaintiff questioned defendant Pulley as to any action he might take regarding defendant Kiefer, defendant Pulley told plaintiff not to tell anyone and that he wouldn't fire defendant Kiefer because defendant Kiefer's wife would ask questions.

35. Defendant Pulley told plaintiff that Kiefer would be reprimanded by having his bonus taken away, but the following weekend, the defendants and their wives went on vacation in Florida together.

36. On September 6, 2007, plaintiff again discussed her concerns about defendant Kiefer with defendant Pulley and the fact that she felt uncomfortable working with defendant Kiefer and her concerns regarding defendant Kiefer's comment that he "had pull" concerning her job.

37. After discussing her concerns with defendant Pulley, plaintiff turned in her two-week notice on Thursday, September 6, 2007, at which time defendant Pulley told plaintiff that her last day would be Friday, the next day. Plaintiff did not have another job lined up.

38. Due to the hostile work environment, plaintiff was constructively terminated from her job.

### C.  OTHER INCIDENTS

39. During her employment, plaintiff was forced to attend a work-related outing at a female strip club in which defendant Pulley, defendant Foree and other male employees were present.

40. Plaintiff was given a pile of one dollar bills to pass out to the male employees and supervisors and she was told by defendant Foree that her job was to "make sure everyone, especially Phil [Pulley] was having a good time."

41. Plaintiff was the only female employee present.

42. Defendant Pulley repeatedly told plaintiff to "get on stage and dance with the other girls" [strippers], a comment that made plaintiff extremely uncomfortable.

43. Male employees and supervisors, including defendant Foree and defendant Hubbard often made comments about the female employees' appearances in front of plaintiff. One comment included the growth and of a female co-worker's breasts were after she returned to work from maternity leave. Defendant Foree and defendant Hubbard also commented on how good the employees breast looked in front of and sometimes to the plaintiff.

44.   Defendant Pulley stated on August 20, 2007, to plaintiff that he would never hire "fat people because they are lazy." When plaintiff replied that one of the women in the office was the hardest worker, Pulley told plaintiff, "Well, I only look at her from here up," gesturing to his chin and face.

45.   When interviewing for the position, defendant Pulley asked plaintiff personal questions regarding when she was planning to have kids.

46.   Plaintiff was told by defendant Foree that she and other female employees were not permitted to leave work for lunch (except on Fridays), but all male employees were allowed to do so. Furthermore, the female employees only received a 30 minute lunch break while the male employees could take a lunch break as long as they desired.

47.   Plaintiff said she considered getting her master's degree in business administration, and a male employee told her, "Why? It isn't like that is going to get you anywhere here."

48.   Two male co-workers walked by plaintiff as she was leaving a message on another co-worker's desk and defendant Hubbard threw a piece of paper at plaintiff's chest and said, "Off the backboard."

49.   Plaintiff suffered embarrassment and damage to her reputation as a result of defendants' actions.

**D.   VIOLATIONS OF THE LAW**

50. The defendants' management sexually harassed plaintiff and allowed her to be subjected to a workplace hostile based upon her sex.

51. The defendants terminated her employment based upon her gender in violation of the Arkansas Civil Rights Act and Title VII of the Civil Rights Act of 1964.

52. The defendants' decision to terminate her employment violated plaintiff's right to be free from retaliation secured under the Arkansas Civil Rights Act and Title VII of the Civil Rights Act of 1964.

53. The defendants' decision to terminate plaintiff's employment is wrongful under clear public policy.

54. The actions of the defendants set forth herein form the underpinning for plaintiff's allegation that defendants' intentionally inflicted emotional distress on her.

### E. **PRAYER FOR RELIEF**

55. As relief for the above-described violations, plaintiff requests the Court:

   a. Find that the plaintiff was subjected to illegal discrimination based on sex in violation of the Arkansas Civil Rights Act and Title VII of the Civil Rights Act of 1964.

   b. Find that the defendants' termination of plaintiff was discriminatory based on her gender in violation of the Arkansas Civil Rights Act and Title VII of the Civil Rights Act of 1964.

c.  Find that the defendants' termination of plaintiff was in violation of clearly established public policy;

d.  Find that the defendants intentionally inflicted emotional distress upon plaintiff;

e.  Award plaintiff back pay, front pay, lost benefits, interest from loss of her employment;

f.  Award plaintiff damages for defendants' tortious conduct against her to be determined by a jury;

g.  Award plaintiff punitive damages for defendants' violation of her civil rights;

h.  Award plaintiff all other relief to which she may be entitled, including but not limited to the costs of this action, expenses and reasonable attorney's fees; and

i.  Grant plaintiff a trial by jury.

Respectfully submitted,

*Julie A. Howe*

Julie A. Howe ABN2003197
1304 West 2ND Street
Little Rock, AR 72201
(501) 801-3778

EEOC Form 161 (2/08)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Jennifer A. Cross<br>60 Princess Dr<br>Batesville, AR 72501 | **From:** Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2008-26225 | Lynda F. Fier, Investigator | (501) 324-5468 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

Enclosures(s)     On behalf of the Commission

*/s/ Wanda C. Milton/LF*
Wanda C. Milton,
Area Office Director

JUN 2 7 2008
*(Date Mailed)*

cc:   **Phil Pulley, Owner/Marketing Manager**
**BAD BOY INC**
**102 Industrial Drive**
**Batesville, AR 72501**

Wilcox, Lancaster & Lacy
Attn: Scott Lancaster
212 Center Street
Little Rock, AR 72201


PLAINTIFF'S EXHIBIT A