IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER CROSS                                                                                          PLAINTIFF

v.                                       CASE NO. 4:08CV3007 JLH

BAD BOY, INC.; ADVANCED
CHUTE SYSTEM, INC.;
FIREWORKS WORLD, INC.;
PHILLIP W. PULLEY; LENNIE FOREE;
RYLAND KIEFFER; ROBERT FOSTER;
DAVID BROGDON; AND WES HUBBARD                                              DEFENDANTS

**OPINION AND ORDER**

Jennifer Cross brought this action against Bad Boy, Inc., *et al.*, alleging that she was sexually harassed by several employees and supervisors. In paragraphs 39-49 of her complaint, Cross also alleges other incidents of sexual harassment that occurred prior to the primary incident giving rise to this litigation. Bad Boy has moved to strike paragraphs 39-49 of the complaint pursuant to Federal Rule of Civil Procedure 12(f) as redundant, immaterial, impertinent, or scandalous. For the following reasons, Bad Boy's motion to strike is denied.

Paragraphs 20-38 of Cross's complaint detail an incident of sexual harassment by Ryland Kieffer allegedly occurring on August 20, 2007, at a hotel room in Little Rock, Arkansas, as well as Cross's subsequent efforts to resolve her concerns with her employer. After returning to Batesville the next day, Cross informed Phillip Pulley, Bad Boy's owner, of Kieffer's behavior. Pulley told Cross that Kieffer would not be terminated but would be disciplined, but Cross questions whether Kieffer was actually disciplined for his conduct. On September 6, 2007, Cross again discussed her concerns with Pulley, telling him that she felt uncomfortable working with Kieffer. Cross turned in

her two-weeks' notice on the same day, but Pulley informed her that September 7 would be her final day.

In paragraphs 39-49 of her complaint, Cross describes additional events of sexual harassment that took place prior to the August 20, 2007 incident at the Little Rock hotel.  Among these additional allegations of sexual harassment are incidents involving a forced work-related outing at a female strip club; inappropriate comments made to Cross while at the club; inappropriate comments by Foree and Hubbard about other female employees in Cross's presence; inappropriate questioning in Cross's job interview; discriminatory treatment of female employees regarding the length of lunch breaks; and unwelcomed physical contact made by Hubbard with a piece of paper accompanied by an inappropriate statement.  Cross also described these additional events of sexual harassment in her narrative account provided to the EEOC.

Cross filed an EEOC charge on February 22, 2008, meaning that the 180-day limitations period governing any actionable sexual harassment began on August 27, 2007.  *See* 42 U.S.C. § 2000e-5(e)(1).  Bad Boy argues that because the incidents described in paragraphs 39-49 of the complaint occurred prior to the limitations period, those paragraphs cannot form the basis of a sexual harassment claim by Cross.  Therefore, Bad Boy asks that those paragraphs be stricken as redundant, immaterial, impertinent, or scandalous pursuant to Federal Rule of Civil Procedure 12(f).  Bad Boy also argues that because one of Cross's allegations has no reference as to when it occurred, the Court should strike that allegation or require Cross to submit a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Cross counters that she exhausted all known internal administrative remedies with Bad Boy by reporting the sexual harassment to Bad Boy's owner, Pulley, on August 22, 2007, and again on

September 6, 2007. Although the conduct alleged in paragraphs 39-49 of her complaint occurred prior to the limitations period, Cross argues that those incidents are important in understanding her work environment and "the pervasive, frequent nature of the harassment which occurred during [her] employment." Brief in Support of Response to Motion to Strike, at 1. Cross also states that because the conduct alleged in paragraphs 39-49 of her complaint occurred during the course of her employment, that is a sufficient time frame for purposes of giving Bad Boy sufficient notice to respond.

As noted above, because Cross filed her EEOC charge on February 22, 2008, her 180-day limitations period for any actionable sexual harassment began on August 27, 2007. *See* 42 U.S.C. § 2000e-5(e)(1). It is reasonable to expect that sexual harassment violations are continuing in nature. *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 755 (3rd Cir. 1995) (quoting *Jenson v. Eveleth Taconite Co.*, 824 F. Supp. 847, 877 (D. Minn. 1993)). Incidents of alleged sexual harassment occurring prior to the start of the 180-day limitations period may be considered if they are part of a systematic or serial continuing violation, are relevant background to subsequent discriminatory acts, or are relevant "to illustrate a pattern of sex discrimination and its effects" on the plaintiff. *Klein v. McGowan*, 198 F.3d 705, 709 (8th Cir. 1999); *Kimzey v. Wal-Mart Stores, Inc.*, 107 F.3d 568, 572-73 (8th Cir. 1997). For this exception to apply, a plaintiff must demonstrate that some act of sexual harassment occurred within the 180-day period and that a sufficient nexus exists between that act and other alleged acts of harassment. *See Rowe v. Hussmann Corp.*, 381 F.3d 775, 781 (8th Cir. 2004) (holding that "the acts before and after the limitations period were so similar in nature, frequency, and severity that they must be considered"); *Klein*, 198 F.3d at 709.

It is Cross's allegation of constructive termination on September 6, 2007, that falls within the 180-day limitations period and that serves as her actionable offense of sexual harassment. The other sexual harassment of which Cross complains, including the August 20, 2007 incident at a Little Rock hotel and the conduct alleged in paragraphs 39-49 of her complaint, all occurred prior to the start of her 180-day limitations period. The August 20, 2007 incident is certainly within the causal nexus of Cross's alleged constructive termination on September 6, 2007, as Cross claims that she was constructively terminated because of her complaints to Pulley regarding Kieffer's behavior at the Little Rock hotel. *See Rowe*, 381 F.3d at 781. The other conduct alleged in paragraphs 39-49 of Cross's complaint is relevant to whether there was a pattern of sexual discrimination and harassment at Bad Boy. *See Kimzey*, 107 F.3d at 573. Furthermore, the conduct alleged in paragraphs 39-49 was potentially part of a continuing violation and is relevant background to the subsequent acts of sexual harassment of which Cross complained. *See Klein*, 198 F.3d at 709; *Kimzey*, 107 F.3d at 573. Therefore, Bad Boy's motion to strike paragraphs 39-49 of Cross's complaint is denied.

Bad Boy also suggests that Cross should be required to provide, pursuant to Federal Rule of Civil Procedure 12(e), a more definite statement regarding the date of the incident described in paragraphs 39-42, involving an alleged work-related outing to a strip club. The court may require a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response," and a motion under Rule 12(e) "must be made before filing a responsive pleading." Fed. R. Civ. P. 12(e). Bad Boy asserts that it cannot reasonably prepare a response to Cross's allegations because she does not specify a date. As Bad Boy admits, Cross's term of employment was from February 2007 until September 2007, and paragraph 39 of Cross's complaint

4

alleges that the incident occurred during her employment. Bad Boy has provided no convincing argument that it cannot reasonably prepare a response to an incident that Cross describes in sufficient detail and alleges occurred at some point during her eight months of employment with Bad Boy. Additionally, Bad Boy made its motion for a more definite statement on the same day that it filed its responsive pleading, in which Bad Boy denied the allegations in paragraphs 39-42 of Cross's complaint. Because Bad Boy has already filed its responsive pleading to the issue that it deems so vague and ambiguous that it cannot reasonably prepare a response, and because Bad Boy has not shown that the lack of a specific date will prejudice its ability to respond to Cross's allegations, its motion for a more definite statement is also denied.

Bad Boy's motion to strike paragraphs 39-49 of Cross's complaint is DENIED. Bad Boy's motion for a more definite statement is also DENIED.

IT IS SO ORDERED this 17th day of December, 2008.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE