IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JENNIFER CROSS                                                                                    PLAINTIFF

v.                                           CASE NO. 4:08CV3007 JLH

BAD BOY, INC.; ADVANCED
CHUTE SYSTEM, INC.;
FIREWORKS WORLD, INC.;
PHILLIP W. PULLEY; LENNIE FOREE;
RYLAND KIEFFER; ROBERT FOSTER;
DAVID BROGDON; AND WES HUBBARD                                        DEFENDANTS

**OPINION AND ORDER**

Jennifer Cross filed this action against Bad Boy, Inc., Advanced Chute System, Inc., Fireworks World, Inc., Phillip W. Pulley, Lennie Foree, Ryland Kieffer, Robert Foster, David Brogdon, and Wes Hubbard, alleging that the defendants engaged in employment discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964 and the Arkansas Civil Rights Act. All of the defendants other than Bad Boy, Inc., have moved to dismiss the complaint on the ground they were not her employers as defined by Title VII or the Arkansas Civil Rights Act. For the reasons stated below, Cross's claims against Pulley, Foree, Kieffer, Foster, Brogdon, and Hubbard are dismissed for failure to state a claim upon which relief can be granted. The motion to dismiss filed by Advanced Chute System and Fireworks World is denied.

**I.**

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of

the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery."  *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999).  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.* (quoting Fed. R. Civ. P. 8(a)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at __, 127 S. Ct. at 1964-65 (citations omitted).  Stated differently the plaintiff must "raise a right to relief above a speculative level."  *Schaaf*, 517 F.3d at 549.

## II.

According to the complaint, the three corporate defendants (Bad Boy, Advanced Chute System, and Fireworks World) share a common location at 102 Industrial Drive in Batesville, Arkansas, and all three are owned by Pulley.  The complaint alleges that Cross was "employed by the defendants at 102 Industrial Drive, Batesville, AR 72502," but does not specify which defendants employed her.  The complaint alleges that, on a business trip in August 2007, Kieffer forcibly

pressed Cross against the wall of an elevator and kissed her, after which he forced his way into her hotel room and refused to leave for some time, during which time Foree and Pulley called her without assisting her to avoid Kieffer's unwanted attention. Cross and her boyfriend later told Pulley about the incident and asked him to discharge Kieffer, but Pulley refused, and Cross resigned. Cross also alleges that she "was forced to attend a work-related outing at a female strip club" with Pulley, Foree and other male employees, that she was given one dollar bills to pass to the male employees and told to make sure that they all had a good time, and that Pulley repeatedly urged her to get on the stage and dance with the strippers. Cross also alleges that inappropriate comments were made about the appearance of female employees and that the lunch breaks for female employees were restricted in ways that did not apply to male employees.

All of the defendants, except Bad Boy, have moved to dismiss on the ground that they were not Cross's employer. Advanced Chute System and Fireworks World have attached to their motion the affidavit of David Brogdon, the comptroller for Bad Boy, Advanced Chute System, and Fireworks World. Brogdon says that Cross was employed by Bad Boy from February 2007 until September 9, 2007, and during that time she received no compensation from Advanced Chute System or Fireworks World. He also says that Cross was employed by a subsidiary of Fireworks World before she became employed by Bad Boy but that employment ceased when she became employed by Bad Boy. Cross has submitted her own affidavit in which she says that she was employed by Fireworks World the weekend of July 4, 2008, under the supervision of Kieffer; she was employed by Bad Boy from February 2007 to September 2007; and that while she was employed by Bad Boy she had assignments directed to the benefit of all three companies.

No party has objected to the Court's considering the affidavits. To the extent that the Court considers them, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d). At this stage, then, it appears to be undisputed that during the relevant time Cross was compensated by Bad Boy but was assigned work for Fireworks World and Advanced Chute Systems, as well as Bad Boy. It also appears undisputed that all three companies have common ownership, common management, and a common principal place of business.

Fireworks World and Advanced Chute System cite *Graves v. Women's Professional Rodeo Ass'n*, 907 F.2d 71 (8th Cir. 1990), and *Daggitt v. United Food and Commercial Workers International Union, Local 304A*, 245 F.3d 981 (8th Cir. 2001), for the proposition that compensation is essential to employer/employee relationships. In *Daggitt v. United Food and Commercial Workers Int'l Union, Local 304A*, the court held that a union's lost-time pay, reported on W-4 and W-2 forms, and reimbursement of dues to its stewards amounted to compensation for their services, meaning that the union was an employer of its stewards. 245 F.3d at 987-88. In *Graves v. Women's Prof'l Rodeo Ass'n*, the court held that prize money obtained by winning rodeo events did not amount to compensation for purposes of establishing an employer-employee relationship. 907 F.2d at 73. The Eighth Circuit has also held that a government volunteer – who "was not paid, did not receive annual and sick leave benefits or coverage under any federal retirement program, and . . . was not entitled to merit promotion, holiday pay, insurance benefits, or competitive status" – did not have standing as a federal employee to bring a Title VII action. *Jacob-Mua v. Veneman*, 289 F.3d 517, 521 (8th Cir. 2002).

None of these cases addresses the issue of whether Title VII imposes liability on companies for which the plaintiff works while she is compensated by a third, related company. In considering

4

whether employers may be aggregated for the purpose of determining whether the defendant is an "employer" as defined in 42 U.S.C. § 2000e(b) – *i.e.*, a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of twenty or more calendar weeks – the courts have held that companies may be treated as a single employer when the following four elements are present: (1) interrelation of operations; (2) common management; (3) centralized control of labor operations; and (4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977). *See also Artis v. Francis Howell North Band Booster Ass'n*, 161 F.3d 1178, 1184 (8th Cir. 1998). The parties have not briefed the issue of whether Bad Boy, Advanced Chute System, and Fireworks World should be treated as one employer under these cases, nor have the facts been fully developed inasmuch as no discovery has taken place. Advanced Chute System and Fireworks World are the moving parties and therefore have the burden of making a prima facie showing that they are entitled to summary judgment. Because no discovery has been done and because the parties have not had the opportunity to address the applicability of *Baker* and *Artis*, the Court will deny the motion filed by Advanced Chute System and Fireworks World at this time, leaving until the facts are developed and the issue fully briefed the decision as to whether Advanced Chute System and Fireworks World can be liable to Cross under Title VII.

**III.**

Cross also brings claims against six individuals: Phillip Pulley, Lennie Foree, Ryland Kieffer, Robert Foster, David Brogdon, and Wes Hubbard. Cross argues that the individuals' actions make their employer liable under the doctrine of *respondeat superior*, that the individuals are agents of the employer, and that because the employer is liable under Title VII, the employer's agents also should be held liable. The individual defendants counter that they cannot be held individually liable under

Title VII, that Cross failed to exhaust her administrative remedies, and that Cross failed to set forth any grounds for relief against Foster and Brogdon, who are not discussed in the complaint as persons who engaged in misconduct.

The Eighth Circuit has consistently held that, although employers can be held liable under Title VII for the actions of their supervisors and employees, the supervisors and employees cannot be held individually liable. *See Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (holding that the Eighth Circuit "has squarely held that supervisors may not be held individually liable under Title VII"); *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995) (stating that the clear consensus among the circuit courts, and the law in the Eighth Circuit, is that "supervisors and other employees cannot be held liable under Title VII in their individual capacities"). In *Grissom v. Waterloo Industries, Inc.*, 902 F. Supp. 867 (E.D. Ark. 1995), the district court, relying on *Lenhardt* and noting the absence of any contradictory Eighth Circuit precedent, chose to follow the majority view and held that supervisors were not individually liable as "employers" under Title VII. 902 F. Supp. at 870.

In this case, Cross alleges that she was sexually harassed by several individual employees and supervisors with whom she worked. Although the actions of those individuals may make their employer liable under Title VII, those persons cannot be held individually liable under Title VII for their actions. Thus, even if Cross has properly exhausted her administrative remedies and properly stated grounds for relief against the individuals, she cannot bring her Title VII claims against them individually.

**IV.**

The Arkansas Supreme Court has held that courts may look to federal decisions for persuasive authority when considering claims under the Arkansas Civil Rights Act. *Island v. Buena Vista Resort*, 352 Ark. 548, 556-57, 103 S.W.3d 671, 675-76 (2003). No party has argued that the resolution of any of these issues under the Arkansas Civil Rights Act should differ from the resolution under Title VII. Therefore, the Court will assume that state law on these issues is the same as the federal law.

**CONCLUSION**

For the reasons stated above, the motion to dismiss filed by Phillip W. Pulley, Lennie Foree, Ryland Kieffer, Robert Foster, David Brogdon, and Wes Hubbard is GRANTED. Cross's claims against those defendants are dismissed without prejudice. Document #7. The motion to dismiss filed by Advanced Chute System, Inc., and Fireworks World, Inc., is DENIED. Document #9.

IT IS SO ORDERED this 17th day of December, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE